IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO THOMPSON, | : | |
| Plaintiff, | : | 1:14-cv-1199 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN J.E. THOMAS, *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

**September 21, 2015**

Plaintiff, Roberto Thompson ("Thompson"), a federal inmate who, at all times relevant, was housed at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *Bivens*[1] action on June 20, 2014. (Doc. 1). The matter is proceeding *via* an amended complaint wherein Thompson alleges that he was subjected to inhumane cell conditions in violation of the Eighth Amendment and Federal Bureau of Prisons ("BOP") policies. (Doc. 12). Named as defendants are Charles E. Samuel, Jr. ("Samuel"), Warden J. E. Thomas ("Thomas"), Associate Warden Young ("Young"), Lieutenant Johnson ("Johnson"), and Counselors Mathew [sic] Edinger ("Edinger"), Bingaman and

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Vayda.

All defendants, except "Johnson," filed a motion (Doc. 24) to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the motion to dismiss will be granted.[2] With respect to the individual identified as Johnson in the amended complaint, because he was unable to be identified, the waiver was returned unexecuted. (Doc. 22, p. 2). However, the complaint against him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d

---

[2]The motion to dismiss is dispositive of the case. Consequently, the summary judgment motion will not be addressed.

224, 229 (3d Cir. 2008)).  A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

In addition, because Thompson complains about "prison conditions," and is proceeding *in forma pauperis*, the screening provisions of 42 U.S.C. §1997e

apply, as do the screening provisions of 28 U.S.C. §1915(e)(2). The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000).

## II. ALLEGATIONS OF THE COMPLAINT

Thompson alleges that upon his arrival at USP-Lewisburg on November 7, 2011, he was placed in a small and cramped double bunk cell in violation of BOP policies and the Eighth Amendment. From the date of his arrival through June 2014, he was allegedly subjected to cramped cell conditions, was placed in a rodent infested cell, was denied single-cell status and denied a larger cell. (Doc. 12, ¶¶ 1-11). He also alleges that he was denied adequate space to exercise. (*Id.* at ¶¶ 2, 11). He seeks compensatory and punitive damages. (*Id.* at p. 4).

He alleges that he "made numerous complaints to Warden Thomas, to which he told me to seek informal resolution before addressing my concerns on the Administrative level. I filed a number of BP148s to which staff has never responded to." (*Id.* at ¶ 11).

## III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is

required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006). It requires compliance with the prison's "deadlines and other

critical procedural rules." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). "[F]ailure to satisfy the procedural rules of the [BOP's] administrative process constitutes a procedural default." *Moscato*, 98 F.3d at 760–761 *(citing Francis v. Rison*, 894 F.2d 353,355 & n. 2 (9th Cir. 1990); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986)).

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a Request to the warden within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response may submit an appeal to the Regional Director of the BOP within 20 days of the date the warden signed the response. 28 C.F.R. § 542.15(a). The inmate may then appeal to the BOP's General Counsel within 30 days of the day the Regional

Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

According to the Administrative Remedy Generalized Retrieval Information, Thompson filed thirty-six administrative remedies during the time period at issue. (Doc. 26-1, pp. 4-28). None of the remedy requests concern any of the issues raised in his complaint. (*Id.*) Clearly, the claims raised in the complaint are unexhausted.

In an effort to excuse the exhaustion requirement, Thompson argues that his ability to exhaust was obstructed by prison official in that prison staff never responded to his requests for informal resolution. (Doc. 28, p. 4). Courts have invariably held that affirmative misconduct by prison officials designed to impede or prevent an inmate's attempts to exhaust may render administrative remedies unavailable. *See Todd v. Benning*, 173 F. App'x 980, 982-83 (3d Cir. 2006) (expressing approval of Eighth Circuit's holding in *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001)) that administrative remedies were not available where prison officials "purportedly prevented prisoner from employing the prison's grievance system"). Examples of affirmative misconduct on the part of prison officials

include: (1) threatening a prisoner in an attempt to thwart the prisoner's attempts to exhaust, *see Harcum v. Shaffer*, No. 06-5326, 2007 WL 4167161, at *5 (E.D.Pa. Nov.21, 2007) (finding administrative remedies unavailable where prison officials threatened plaintiff with "opposition to his future prerelease application, parole, or outside work detail if he did not withdraw his grievance"), (2) refusing to provide appropriate grievance forms in response to inmate inquiries, *see Mitchell v. Horn*, 318 F3d 523, 529 (3d Cir. 2003), (3) advising an inmate that his or her situation does not require a grievance, *see Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (finding that administrative remedies were unavailable to plaintiff who had been advised by prison official that he must wait until the end of the prison's investigation before filing a grievance), and (4) failing to file or respond to a prisoner's grievances, *see Camp v. Brennan*, 219 F.3d 279, 280-81 (3d Cir. 2000) (finding that administrative remedies were unavailable where prison officials refused to file plaintiff's grievances regarding their coworkers).

There is no indication, based upon review of the Administrative Remedy Generalized Retrieval Information, that Thompson was prevented or hindered from pursing administrative remedies. In fact, he successfully filed thirty-six grievances during the very time period at issue, none of which related to cell size or inhumane conditions, which militates against a conclusion that he was

precluded from utilizing the administrative process. *See Pa. Prison Soc'y v. Cortes*, 508 F.3d 156, 161 (3d Cir. 2007). Rather, all indications are that his failure to exhaust is wholly attributable to him. Instead of raising his complaint through the proper administrative channels, he chose to file three separate Administrative Claim requests with the Northeast Regional Office in June 2014, challenging the refusal to place him in a single cell. (Doc. 28-1, pp. 1-3). These claims were rejected because Thompson failed to allege a personal injury actionable under the Federal Tort Claims Act. (*Id.* citing 28 U.S.C. §§ 1346(b)(2), 2672). At no time did Thompson pursue proper administrative channels. Consequently, the complaint is subject to dismissal for failure to exhaust available administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion (Doc. 24) to dismiss will be granted. The complaint against Johnson will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order will enter.